UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| True Vine Ministries International Inc. | Civil Action No. 6:16-00270 |
| versus | Judge Rebecca F. Doherty |
| State Farm Lloyds, et al | Magistrate Judge Carol B. Whitehurst |

### REPORT AND RECOMMENDATION

Before the undersigned, on referral from the district judge, is a Rule 12(b)(2) Motion To Dismiss filed by defendant, State Farm Lloyds [Rec. Doc. 7] plaintiff, True Vine Ministries International Inc.'s, Opposition thereto [Rec. Doc. 16] and State Farm Lloyds' Reply thereto [Rec. Doc. 22]. For the reasons that follow, the Court will recommend that the Motion be granted.

### *I. Background*

Plaintiff, True Vine Ministries International, Inc. ("True Vine"), owns and operates a non-denominational church located at 1555 W. Willow Street, Scott Louisiana. In its Amended Complaint, True Vine alleges that on April 7, 2015, it entered into a contract with two Texas residents, Mark Hill ("Hill") and MH Ministries, Inc. ("MH Ministries"), (collectively "Defendants"), to provide a variety of services including but not limited to construction services to renovate the sanctuary and related church facilities owned by petitioner. *R. 6, ¶¶ 1, 4; Exh. 101, Consulting Agreement.*

True Vine alleges breach of contract and negligent misrepresentation against Defendants. *Id. ¶¶ 13, 14.* True Vine alleges it made advances to Defendants of $10,000, $85,000 and $58,000, on April 7 and May 7, and May 27, 2015 respectively. From May 12 through June 8, 2015, the services provided by Defendants were

inadequate, substandard, or performed incorrectly and caused damage to True Vine's property. *Id. at ¶ 9*. True Vine further alleges it has purchased materials estimated at $60,000 due to Defendants' failure to acquire said materials with the funds advanced. *Id. at ¶ 11.* Also, due to Defendants' failure to complete the project with the advanced funds, True Vine alleges its has purchased materials estimated at $58,000 for contract labor services. *Id. at ¶ 12.*

Plaintiff also named Defendant's insurer, State Farm Lloyds, as a defendant under Louisiana's Direct Action Statute. *Id. at ¶ 2*. Specifically, Plaintiff alleges that prior to the commencement of the contract, Hill provided True Vine with a Certificate of Liability Insurance indicating Defendant's had insurance coverage with State Farm Lloyds. *R. 1, Exh. 301*. Defendants removed this action from the Fifteenth Judicial District Court, Lafayette, Louisiana, on February 26, 2016 based on diversity jurisdiction. *R. 1*.

## II. Contentions of the Parties

State Farm Lloyds asserts in its motion that True Vine cannot meet its burden of proving that State Farm is subject to either specific or general jurisdiction, and therefore its Direct Action against State Farm Lloyds should be dismissed. In particular, State Farm Lloyds contends that (1) State Farm Lloyds does not have the purposeful minimum contacts with Louisiana required to satisfy due process; (2) True Vine has failed to allege that its claims arise out of State Farm Lloyds' contacts with Louisiana for specific jurisdiction; and (3) True Vine cannot meet its burden of proving that State Farm Lloyds has had continuous and systematic contacts with Louisiana to be subject to general jurisdiction;

True Vine argues that State Farm Lloyds provided Defendants with a Certificate of Liability Insurance on May 12, 2015, in response to True Vine's request for proof of insurance coverage. True Vine named State Farm Lloyds under Louisiana's "Direct Action Statute", La. R.S. 22:1269, which contemplates suits by plaintiff who have been harmed by insureds who have foreign insurers, as in this case. It further argues that "State Farm Lloyds" is part of "the State Farm family of insurance companies."

### III. Law And Analysis

*The Louisiana Direct Action Statute and Personal Jurisdiction*

The Direct Action Statute, La. R.S. 22:1269, provides in pertinent part:

> B. (1) The injured person ... shall have a right of direct action against the insurer within the terms and limits of the policy; and, such action may be brought against the insurer alone, or against both the insured and insurer jointly and in solido ...
>
> ...
>
> (2) This right of direct action shall exist <u>whether or not the policy of insurance sued upon was written or delivered in the state of Louisiana and whether or not such policy contains a provision forbidding such direct action, provided the accident or injury occurred within the state of Louisiana</u> ...

"Louisiana's Direct Action Statute provides a right of action against insurance companies. *Jones v. MFA Mut. Ins. Co.*, 398 So.2d 10 (La.App.1981). It is not a legislative grant of jurisdiction. *Id*. at 12. There must be an independent basis of jurisdiction which satisfies due process requirements of 'minimum contacts,' together with service of process, before a claimant may utilize this right of direct action against the liability insurer. *Id*." *Young v. Britannia S.S. Ins. Ass'n, Ltd.*, 1994 WL 320972, at *1 (E.D.La.,1994).

The plaintiff has the burden of proving that the court has personal jurisdiction over the defendant. *Travelers Indem. Co. v. Calvert Fire Ins. Co.*, 798 F.2d 826, 831 (5th Cir.1986). When jurisdiction is considered without a full evidentiary hearing, as in this case, the plaintiff need make only a "prima facie" showing of jurisdiction; uncontroverted allegations of the complaint are taken as true and conflicts in the affidavits in the record are resolved in the plaintiff's favor. *Id.*

Federal Rule of Civil Procedure 12(b)(2) allows for dismissal of an action where the Court lacks personal jurisdiction over the defendant. In a diversity action, such as this one, a federal court may exercise personal jurisdiction over a defendant to the extent permitted by the forum state's jurisdictional statute and the Due Process Clause of the Fourteenth Amendment. *Central Freight Lines Inc. v. APA Transp. Corp.*, 322 F.3d 376, 380 (5th Cir.2003). Here, these two inquiries merge into one because Louisiana's long-arm statute, La.R.S. 13:3201, permits jurisdiction coterminous with the scope of the due process clause. *Dalton v. R & W Marine, Inc.*, 897 F.2d 1359, 1361 (5th Cir.1990).

Due Process requires that (a) the nonresident must have some minimum contact with the forum state which results from an affirmative act on his part; and (b) that the exercise of personal jurisdiction does not offend traditional notions of fair play and substantial justice. *Asahi Metal Indus. Co. v. Superior Court of California*, 480 U.S. 102 (1987); *Stuart v. Spademan*, 772 F.2d 1185, 1189 (5th Cir.1985).

In *Central Freight Lines Inc. v. APA Transport Corp.*, the Fifth Circuit laid out the framework for analyzing whether the Constitution permits a court to exercise personal jurisdiction over a defendant. As the Fifth Circuit explained, the Due Process Clause protects an individual from being subject to a binding judgment "of a forum with

which he has established no meaningful 'contacts, ties, or relations.'" *Central Freight Lines Inc.*, 322 F.3d at 380 (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 319 (1945)). For a court's exercise of personal jurisdiction over a nonresident defendant to be consistent with Due Process, two factors must be satisfied. First, the defendant must have "purposely availed himself of the benefits and protections of the forum state by establishing 'minimum contacts' with the forum state.'" *Id.* Second, a court's exercise of personal jurisdiction cannot "offend traditional notions of fair play and substantial justice.'" *Central Freight Lines Inc.* at 381. Due Process is satisfied when "the defendant's conduct and connection with the forum State are such that he should reasonably anticipate being haled into court there." *Stuart*, 772 F.2d at 1191 (quoting *World–Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980)). This requirement ensures that a defendant will not be subject to litigation because of " 'random,' 'fortuitous,' or 'attenuated' contacts" with the forum state. *Stuart* at 1191 (quoting *Burger King Corp. v. Rudewicz*, 471 U.S. 462, 475 (1985)).

"[M]inimum contacts may result in either specific or general jurisdiction." *Central Freight Lines Inc.*, 322 F.3d at 380. As Central Freight Lines Inc. instructs, "[g]eneral jurisdiction may be asserted when a defendant's contacts with the forum state are substantial and 'continuous and systematic' but unrelated to the instant cause of action." *Id.* at 381(quoting *Helicoperos Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414 n. 8 (1984)). In contrast, when the nonresident defendant has "purposely directed its activities at the forum state and the litigation results from alleged injuries that arise out of or relate to those activities,' the defendant's contacts are sufficient to support the exercise of specific jurisdiction over that defendant.'" *Id*. (quoting *Burger King Corp.*,

5.

471 U.S. at 472). In some cases, "[a] single purposeful contact, may confer specific jurisdiction. *Nuovo Pignone, SpA v. STORMAN ASIA M/V*, 310 F.3d 374, 379 (5th Cir.2002).

The Fifth Circuit has repeatedly held that "merely contracting with a resident of the forum state is insufficient to subject the nonresident to the forum's jurisdiction." *Freudensprung v. Offshore Technical Servs., Inc.*, 379 F.3d 327, 344 (5th Cir.2004); *see also Holt Oil & Gas Corp. v. Harvey*, 801 F.2d 773, 778 (5th Cir .1986) (citing *Colwell Realty Inv., Inc. v. Triple T Inns of Ariz., Inc.*, 785 F.2d 1330, 1334 (5th Cir.1986); *Stuart*, 772 F.2d at 1192–93). Rather than looking exclusively at the existence of a contract between the defendant and a resident of a forum state, the court must analyze the contract to determine whether the "defendant purposely established minimum contacts within the forum." *Electrosource, Inc. v. Horizon Battery Technologies, Ltd.*, 176 F.3d 867, 872 (5th Cir.1999).

In *Electrosource, Inc.*, the Fifth Circuit characterized this analysis as a "'highly realistic' approach ... recognizing that a contract is ordinarily but an intermediate step serving to tie up prior negotiations and future consequences which themselves are the real object of the business transaction.'" *Id. Electrosource* instructs that "[t]he factors of prior negotiations and contemplated future consequences, along with the terms of the contract and the parties' actual course of dealing must be evaluated in determining whether the defendant purposefully established minimum contacts with the forum." *Id.* When considering prior negotiations and contemplated future consequences, a court should examine the communications that preceded the formation of the contract and assess whether the contract envisioned "continuing obligations and wide-reaching

6.

contacts" between the defendant and the forum state. *Stuart*, 772 F.2d at 1194. When analyzing the terms of the contract, courts find the "place of contracting" relevant and give "weighty consideration" to where the performance under the contract was due. *Command–Aire Corp. v. Ontario Mechanical Sales and Serv., Inc.*, 963 F.2d 90, 94 (5th Cir.1992); *see also Holt Oil & Gas Corp.*, 801 F.2d at 778 (emphasizing the importance of where a majority of the performance of the contract occurs).

### A. Argument

State Farm Lloyds contends that the only contact between State Farm and Louisiana is that State Farm Lloyds insured a Texas company which then opted to do business in Louisiana—which is not a purposeful contact by State Farm necessary to invoke jurisdiction. True Vine argues that the claims are based on transacting business in Louisiana and/or contracting to supply services or things in the state and, therefore, involves specific jurisdiction. The Court agrees that general jurisdiction cannot apply in this case as State Farm Lloyds' affiliations with Louisiana are not "so 'continuous and systematic' as to render them essentially at home in the forum state." *See Goodyear Dunlop Tires Operations v. Brown*, 564 U.S.915, 919 (2011). Hence, the Court must consider whether or not specific jurisdiction exists.

### B. Specific Personal Jurisdiction

In *Walden v. Fiore*, ___ U.S. ___, 134 S.Ct. 1115, 1121 (2014), a unanimous Supreme Court rearticulated the framework for analyzing specific personal jurisdiction. Specific-jurisdiction questions "'focus[ ] on the relationship among the defendant, the forum, and the litigation.' " *Id*. "For a State to exercise jurisdiction consistent with due

7.

process, the defendant's *suit-related* conduct must create a substantial connection with the forum State." *Id*. (emphasis added).

A court considers two issues in deciding whether a defendant's suit-related conduct creates a sufficient relationship with the forum state. *See id.* at 1122. "First, the relationship must arise out of contacts that the 'defendant himself' creates with the forum State." *Id*. The due-process limits on a state's "adjudicative authority principally protect the liberty of the nonresident defendant—not the convenience of the plaintiff[ ] or third parties" *Id*. The Supreme Court has "consistently rejected attempts to satisfy the defendant-focused 'minimum contacts' inquiry by demonstrating contacts between the plaintiff (or third parties) and the forum State." *Id*. The "unilateral activity of another party or a third person is not an appropriate consideration when determining whether a defendant has sufficient contacts with a forum State to justify an assertion of jurisdiction." *Helicopteros Nacionales de Colombia, S.A.*, 466 U.S. at 417. "Put simply, however significant the plaintiff's contacts with the forum may be, those contacts cannot be decisive in determining whether the defendant 's due process rights are violated.' " *Walden*, 134 S.Ct. at 1122.

"Second, [the] 'minimum contacts' analysis looks to the defendant's contacts with the forum State itself, not the defendant's contacts with persons who reside there." *Id*. The Supreme Court has, for example, "upheld the assertion of jurisdiction over defendants who have purposefully reach[ed] out beyond their State and into another by ... entering a contractual relationship that envisioned continuing and wide-reaching contacts in the forum State." *Id*. "But the plaintiff cannot be the only link between the defendant and the forum. Rather, it is the defendant's conduct that must form the

8.

necessary connection with the forum State that is the basis for its jurisdiction over him." *Id*. Though "a defendant's contacts with the forum State may be intertwined with his transactions or interactions with the plaintiff or other parties[,] a defendant's relationship with a plaintiff or third party, standing alone, is an insufficient basis for jurisdiction." *Id*. at 1123. "Due process requires that a defendant be haled into court in a forum State based on his own affiliation with the State, not based on the random, fortuitous, or attenuated contacts he makes by interacting with other persons affiliated with the State." *Id*.

True Vine has failed to make a prima facie showing of specific personal jurisdiction over State Farm Lloyds because it has failed to show that State Farm Lloyds purposely availed itself of the Louisiana forum when it entered into the insurance contract with Hill and MH Ministries. "[I]n a breach of contract case, to determine whether a party purposefully availed himself of a forum, a court must evaluate 'prior negotiations and contemplated future consequences, along with the terms of the contract and the parties' actual course of dealing ....'" *Maxxim Med., Inc. v. Michelson*, 182 F.3d 915 (5th Cir.1999) (unpublished) (quoting *Burger King*, 471 U.S. at 479). This accords with the Supreme Court's "emphas[is on the] ... need for a 'highly realistic approach' that recognizes that a 'contract' is 'ordinarily but an intermediate step serving to tie up prior business negotiations with future consequences which themselves are the real object of the business transaction.'" *Burger King*, 471 U.S. at 479.

The breach of contract and negligence claims arise from the issuance of a commercial liability insurance contract governed by Texas law between State Farm Lloyds, a Texas insurance company, and Hill and MH Ministries, Texas residents. True Vine has presented no evidence that Hill and MH Ministries' actions in Louisiana create

9.

specific personal jurisdiction over State Farm Lloyds in Louisiana. State Farm Lloyds did not negotiate the insurance contract in Louisiana; the insurance contract did not have foreseeable Louisiana consequences; the contract is governed by Texas law; and the parties to the contract are Texas entities. State Farm Lloyds did not direct its activities toward Louisiana, did not contract with Louisiana residents, and did not avail itself of Louisiana law in the formation of the insurance contract. The fact that Hill provided True Vine with a Certificate of Liability Insurance, does not support specific personal jurisdiction over State Farm Lloyds in Louisiana. *See Religious Technology Ctr. v. Liebreich*, 339 F.3d 369, 375 (5th Cir.2003).

The parties have cited no case involving an insurer such as State Farm and the Court is unable to locate Fifth Circuit jurisprudence on point. The Court finds, however, that *Delay v. Charbonnet*, 627 So.2d 720 (La.App. 4th Cir.1993), a case involving facts very similar to this case, is instructive. In *Delay*, the Louisiana Fourth Circuit found there was no personal jurisdiction over a Virginia insurer of a Virginia resident who, while visiting New Orleans during a fraternity convention, had fought with a New Orleans police officer. In finding that Louisiana had no personal jurisdiction over the insurer, the court noted that the insurer was licensed to do business only in Virginia; issued a homeowners policy to the insured, a Virginia resident, under the laws of Virginia; had no business contacts with Louisiana; had never done any business in Louisiana; never solicited any business in this state; and did business only in Virginia. The court further noted that the president of the insurance company stated in an affidavit that the company writes only homeowners and personal article polices for residents of Virginia. In order to be insured, a person must be a citizen of Virginia. *Id.*

In light of the foregoing law and analysis, as well as the facts of this case, the Court concludes that the action against State Farm Lloyds should be dismissed for want of personal jurisdiction.

### IV.  Conclusion

The undersigned recommends that the motion to dismiss be GRANTED based on lack of personal jurisdiction over State Farm Lloyds in this matter. Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed.R.Civ.P. 72(b), parties aggrieved by this recommendation have fourteen days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen days after being served with of a copy of any objections or responses to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in the report and recommendation within fourteen days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir.1996).

Thus done and signed this 1st day of June, 2016 at Lafayette, Louisiana.

CAROL B. WHITEHURST
UNITED STATES MAGISTRATE JUDGE

11.